J. Patrick Fleming, Jr. (SBN 76414)
Sacha V. Emanuel (SBN 218705)
CASE KNOWLSON & JORDAN LLP
2029 Century Park East, Suite 2500
Los Angeles, California 90067
(310) 552-2766; Fax: (310) 552-3229
email:  jpfleming@ckjlaw.com

Attorneys for defendant and
counterclaimant Lewis Hyman, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHOLE SPACE INDUSTRIES, LTD., a corporation organized in the Independent State of Samoa,<br><br>            Plaintiff,<br><br>     vs.<br><br>LEWIS HYMAN, INC., a California corporation,<br><br>            Defendant.<br>_____<br><br>AND RELATED COUNTERCLAIM. | Case No.:  CV10-00731-PSG<br><br>PROTECTIVE ORDER PURSUANT TO STIPULATION OF THE PARTIES<br><br>[CHANGES MADE BY COURT TO PARAGRAPHS 4, 7e, AND 11] |

     Pursuant to stipulation of the parties, the Court hereby enters the following Protective Order (the "Protective Order").

     1.     This Protective Order and any amendments or modifications hereto shall govern any document, information or other thing furnished by any party to any other party, and includes non-parties who receive a subpoena in connection with this action, including, but not limited to E-B Display, and also includes non-

-1-

parties, including, but not limited to, Lowe's HIW, Inc., its affiliates and parents, whose documents are being subpoenaed from other non-parties such as E-B Display. The information protected includes, but is not limited to, answers to interrogatories, answers to requests for admission, responses to requests for production of documents, deposition transcripts and videotapes, deposition exhibits, and other writings or things produced, given or filed in this action that are designated by a party as "Confidential Information" or "Confidential Attorneys Eyes Only Information" in accordance with the terms of this Order, as well as to any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such information.

    2. For purposes of this Protective Order, (a) the "Confidential Information" designation shall mean that the document is comprised of trade secrets or commercial information which is not publicly known and is of technical or commercial advantage to its possessor, in accordance with Fed.R.Civ.P. 26(c)(7), or other information required by law or agreement to be kept confidential and (b) the "Confidential Attorney Eyes Only" designation shall mean that the document is comprised of information that the producing party deems especially sensitive, which may include, but is not limited to, confidential research and development, financial, technical, marketing, any other sensitive trade secret information. Confidential Information and Confidential Attorney Eyes Only Information does not include, and this Protective Order shall not apply to information that has been disclosed to the public or third persons in a manner making such information no longer confidential.

    3. Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS EYES ONLY." Stamping the legend "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS EYES ONLY" on the

///

cover of any multipage document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party.

4.     Testimony taken at a deposition may be designated as confidential by making a statement to that effect on the record at the deposition. If no such designation is made at the time of the deposition, any party shall have twenty-one (21) calendar days after the date of the deposition to designate, in writing to the other parties and to the court reporter, those portions of the testimony in the transcript that the designating party is designating as Confidential Information or Confidential Attorneys Eyes Only Information. If no such designation is made at the deposition or within such twenty-one (21) calendar day period (during which period, the transcript shall be treated as Confidential Attorneys' Eyes Only Information, unless the disclosing party consents to less confidential treatment of the Information), the entire deposition will be considered devoid of Confidential Information or Confidential Attorneys Eyes Only Information. Each party and the court reporter shall attach a copy of any final and timely written designation notice to the transcript and each copy thereof in its possession, custody or control, and the portions designated in such notice shall thereafter be treated in accordance with this Protective Order. Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as Confidential Information or Confidential Attorneys Eyes Only Information, and to label such portions appropriately.

5.     The inadvertent failure to designate or withhold any information as confidential or privileged will not be deemed to waive a later claim as to its confidential or privileged nature, or to stop the producing party from designating such information as confidential at a later date in writing and with particularity. The information shall be treated by the receiving party as confidential from the time the receiving party is notified in writing of the change in the designation.

  6. Material designated as Confidential Information or Confidential Attorneys Eyes Only Information under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential (hereinafter "Confidential Material") shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

  7. Confidential Material produced and designated "Confidential Information" pursuant to this Order may be disclosed or made available only to the Court, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

   a. A party, or an officer, director, or employee of a party, deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

   b. Experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action who have signed a Nondisclosure Agreement in the form attached as Exhibit A;

   c. Court reporter(s) employed in this action;

   d. A witness at any deposition or other proceeding in this action; and

   e. Any other person as to whom the parties in writing agree.

Prior to receiving any Confidential Material, each "qualified person" shall be provided with a copy of this Order and shall execute a nondisclosure agreement in the form of Exhibit A, which shall be retained by counsel.  A copy of the executed non-disclosure agreement signed by an expert shall be provided to counsel for the opposing party with that person's expert report.  If Defendant engages a potential consulting or testifying expert who is currently employed as a full-time or part-time employee or consultant by Hunter Douglas, Springs Window Fashion Division, Newell Corporation, Intercrown, or any other window covering manufacturer who is located in Vietnam or Korea, or a wholly-owned subsidiary or sister company

(defined as greater than 50% owned by the same shareholder) of one of them, then Defendant will disclose the name, company affiliation and curriculum vitae of that person to Plaintiff before disclosing any confidential information to that person.  If Plaintiff disputes the propriety of disclosing confidential information to that person, Plaintiff shall proceed as set forth in Local Rules 37-1 through 37-4, except that Plaintiff must commence the meet and confer process called for under Local Rule 37-1 within five (5) business days.  Defendant shall not disclose confidential information to that individual during the five (5) business day period, the period during which the parties are proceeding under Local Rules 37-1 through 37-4 or while the corresponding motion is pending.  Should Plaintiff engage a potential consulting or testifying expert who is currently employed as a full-time or part-time employee or consultant by any distributor of window coverings located in the United States, Canada, or Mexico, or a wholly-owned subsidiary or sister company (defined as greater than 50% owned by the same shareholder) of one of them, then Plaintiff will disclose the name, company affiliation and curriculum vitae of that person to Defendant before disclosing any confidential information to that person.  If Defendant disputes the propriety of disclosing confidential information to that person, Defendant shall proceed as set forth in Local Rules 37-1 through 37-4, except that Defendant must commence the meet and confer process called for under Local Rule 37-1 within five (5) business days.   Plaintiff shall not disclose confidential information to that individual during the five (5) business day period, the period during which the parties are proceeding under Local Rules 37-1 through 37-4 or while the corresponding motion is pending.

8. Depositions shall be taken only in the presence of qualified persons.

9. Documents and things designated as "CONFIDENTIAL – ATTORNEY'S EYES ONLY" (hereinafter "Attorney's Eyes Only Material"), and the information contained therein, shall be disclosed only to the Court, to counsel for the parties (including the paralegal, clerical, and secretarial staff employed by

such counsel), and to the "qualified persons" listed in subparagraphs 7(b) through (e) above, but shall not be disclosed to a party, or to an officer, director or employee of a party, unless otherwise agreed or ordered. If disclosure of Attorney's Eyes Only Material is made pursuant to this paragraph, all other provisions in this Order with respect to confidentiality shall also apply.

10.   Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material as it deems appropriate.

11.   If Confidential Material, including any portion of a deposition transcript designated as Confidential or Attorney's Eyes Only, is included in any papers to be filed in Court, such papers shall be labeled "Confidential – Subject to Court Order" and submitted for filing under seal pursuant to Local Rule 79-5.1.

12.   In the event that any Confidential Material is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such shall take all reasonable steps to maintain its confidentiality during such use.

13.   This Order shall be without prejudice to the right of the parties (i) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted, or (ii) to present a motion to the Court under Fed. R. Civ. P. 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

14.   This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of this Order nor any

proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or nonconfidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

15. Within sixty (60) calendar days after final judgment in this action, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Protective Order shall be under an obligation to destroy or return to the producing party without making copies or abstracting the information therefrom in any manner all materials and documents containing Confidential Information or Confidential Attorney Eyes Only Information, and to certify to the producing party such destruction or return.  However, outside counsel for any party shall be entitled to retain all court papers, trial transcripts, exhibits and attorney work product provided that any such materials are maintained and protected in accordance with the terms of this Protective Order.

16. This Order shall survive the final termination of this action, to the extent that the information contained in Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.

DATED: December 9, 2010

_____/s/_____
Jacqueline Chooljian
United States Magistrate Judge

PROTECTIVE ORDER PURSUANT TO STIPULATION OF THE PARTIES

Exhibit A

NONDISCLOSURE AGREEMENT

I hereby affirm that:

I have been given a copy of and have read the Protective Order entered in <u>Whole Space Industries, Ltd. v Lewis Hyman, Inc.</u>, United States District Court for the Central District of California, Civil Action No. CV10-00731-PSG.

I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by such terms.

I submit to the jurisdiction of this Court for enforcement of the Protective Order.

Information, including documents and things, designated as "Confidential Information," or "Confidential Attorneys Eyes Only Information," as defined in the Protective Order entered in the above-captioned action (hereinafter "Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

I agree not to use any Confidential Information or Confidential Attorneys Eyes Only Information disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any such information to persons other than those specifically authorized by said Protective Order, without the express written consent of the party who designated such information as confidential or by order of this Court. I also agree to notify any stenographic, clerical or technical personnel who are required to assist me of the terms of this Protective Order and of its binding effect on them and me.

I understand that I am to retain all documents or materials designated as or containing Confidential Information or Confidential Attorneys Eyes Only Information in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this

matter, whereupon all such documents and materials, including all copies thereof, and any writings prepared by me containing any Confidential Information or Confidential Attorneys Eyes Only Information are to be returned to counsel who provided me with such documents and materials without making copies or notes regarding the information contained therein.

Dated: _____          _____
                                                                  Signature

                                                     _____
                                                           Print Name